## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ALTAGRACIA DIAZ-RYAN,**

     **Plaintiff,**

**v.**                                                        **Case No: 5:24-cv-388-MMH-PRL**

**DAN R MOSLEY and GARY J COONEY,**

     **Defendants.**

_____

### REPORT AND RECOMMENDATION[1]

Plaintiff Altagracia Diaz-Ryan, who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against various individuals, including several state court judges and clerks of court. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Previously, due to numerous deficiencies in the original complaint, the undersigned took Plaintiff's motion under advisement, and in an abundance of caution, allowed her to file an amended complaint. (Doc. 4).[2] Plaintiff has now filed an amended motion to proceed in forma pauperis (Doc. 5) and an amended complaint (Doc. 6) against a state court judge and clerk of court. Plaintiff's amended complaint has not cured the deficiencies noted in the original complaint. Accordingly, I submit that Plaintiff's amended motion to proceed in forma pauperis be denied and her amended complaint be dismissed.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] The Court also allowed the Plaintiff to file an amended motion to proceed in forma pauperis because she did not use the correct form. (Doc. 4 at p. 9).

## I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)). In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 555-56. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Jurisdiction is a threshold issue in any case pending in the United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising *sua sponte* the issue of federal court jurisdiction); *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.    DISCUSSION

Plaintiff's amended complaint consists of 25 pages, alleging claims under 42 U.S.C. § 1983 for violations to her due process rights under the Fourteenth Amendment, cruel and unusual punishment under the Eighth Amendment, and her right to contract. (Doc. 6 at p. 4). The defendants in the amended complaint include the Honorable Dan R. Mosley, in his official capacity as Circuit Judge for the Fifth Judicial Circuit of Florida, and Gary J. Cooney, in his official capacity as Lake County Clerk of Court. (*Id*. at pp. 2-3). This action arises from a state court proceeding between the Plaintiff and her ex-husband, where a judgment of civil

contempt of a Marital Settlement Agreement and Parenting Plan was entered against the Plaintiff on November 3, 2021, which enforced the original marital agreement between the Plaintiff and her ex-husband that took effect on April 19, 2018. (*Id.* at ¶¶ 1, 52, 54, 56). Based on what is generally alleged, Plaintiff appears to contest the appropriateness of that state court judgment and other actions relating to the civil contempt proceeding, such as the refusal to docket certain documents. (*Id.* at pp. 14-16).

**A. Federal Rules of Civil Procedure**

As an initial matter, Plaintiff's amended complaint fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Indeed, Plaintiff's amended complaint constitutes an impermissible "shotgun pleading" that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Here, for example, Plaintiff's second cause of action for cruel and unusual punishment and her third cause of action for right to contract incorporate by reference all allegations of the preceding counts. (Doc. 6 at pp. 16-17).

Moreover, Plaintiff's amended complaint does not contain a short plain statement of the claim showing that she is entitled to relief, as required by Rule 8. Instead, Plaintiff's amended complaint is replete with rambling allegations and dubious legal conclusions and conjecture. For example, it alleges that the defendant-judge violated Plaintiff's due process rights because he "interrupt[ed] Plaintiff when she was speaking" and "order[ed] Plaintiff to submit a proposed order within 5 days." (Doc. 6 at pp. 14-15). Likewise, as to defendant-clerk of court, Plaintiff alleges that he violated her due process rights because he did "not indicat[e]

in the file that Plaintiff did not have a lawyer" and did "not scan all documents submitted by Plaintiff into the docket." (*Id.* at p. 14). Although the Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

### B. Judicial Immunity

Next, and significantly, as the Court previously explained, Plaintiff's claims under § 1983 against the defendant-judge and defendant-clerk of court are barred by judicial immunity and quasi-judicial immunity. Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *See Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). "Quasi-judicial immunity extends to those servants and agents who facilitate the judicial process." *Coggins v. U.S. Dist. Ct. E. Div.*, No. 3:09-CV-40-TMH, 2009 WL 1181953, at *2 (M.D. Ala. Apr. 30, 2009) (collecting cases); *accord Awala v. Gold*, No. 08-20248CIV, 2008 WL 540687, at *1-2 (S.D. Fla. Feb. 25, 2008). Plaintiff complains of various actions that the defendants took in connection with the state court civil contempt proceeding and the subsequent judgment of civil contempt entered against her. The actions of the defendant-judge alleged in the amended complaint appear "judicial in nature" and taken within his judicial jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *see, e.g.*, (Doc. 6 at p. 15 ("denying Plaintiff['s] request for a continuance" and "ordering Plaintiff to submit a proposed order within 5 days")). Likewise, Plaintiff's claims against the defendant-clerk of court are due to be dismissed because his actions "facilitate[d] the judicial process[,]" and appear undertaken in that capacity. *See Coggins*, 2009 WL 1181953, at *2; *see, e.g.*, (Doc. 6 at p. 14 ("he did not scan all documents submitted by Plaintiff into the docket")).

### C. Subject-Matter Jurisdiction

Finally, the Court lacks subject-matter jurisdiction to review Plaintiff's claims challenging the final judgment in state court pursuant to the *Rooker-Feldman* doctrine. Because subject-matter jurisdiction is implicated in this case, the Court must raise this issue *sua sponte* when it appears that either the *Younger* or *Rooker-Feldman* doctrine[3] instructs abstention from reviewing the state court proceedings at issue. *See Owens v. Cypress Park Garden Homes I, Vill. Inv.*, No. 8:22-CV-1099-KKM-JSS, 2022 WL 1541282, at *1-2 (M.D. Fla. May 16, 2022) (concluding that dismissal of the complaint *sua sponte* under the *Rooker-Feldman* doctrine is appropriate); *see also Taylor v. Randolph*, 594 F. App'x 578, 580 (11th Cir. 2014) (affirming district court's *sua sponte* dismissal of § 1983 claims for failure to state a claim and lack of subject-matter jurisdiction, where plaintiff's claims challenged judges' rulings on child-custody and child-protection orders).

Pursuant to the *Rooker-Feldman* doctrine, federal courts must dismiss a complaint for lack of subject-matter jurisdiction if a plaintiff seeks to obtain review of a final state court judgment. *See Taylor*, 594 F. App'x at 579-80; *Jimenez v. State of Fla.*, No. 8:23-cv-01936-KKM-SPF, 2024 WL 863123, at *1-2 (M.D. Fla. Feb. 29, 2024); *Owens*, 2022 WL 1541282, at *1-2; *Hirsch v. 18th Jud. Cir. Ct. of Fla.*, No. 6:21-cv-1920-CEM-LHP, 2022 WL 3136891, at *11-12 (M.D. Fla. May 27, 2022), *report and recommendation adopted as modified*, No. 6:21-CV-1920-CEM-LHP, 2022 WL 2449760 (M.D. Fla. July 6, 2022). The *Rooker-Feldman* doctrine "limits . . . the subject matter jurisdiction of federal district courts . . . over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th

---

[3] The *Younger* doctrine comes from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). The *Rooker-Feldman* doctrine comes from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Cir. 2001). It precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (citation and internal quotation marks omitted). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If a plaintiff fails to appeal a judgment in state appellate court, this Court "cannot review or reject" it. *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). Ultimately, "'this Court has no jurisdiction to relieve' [plaintiff] of the underlying state court judgment, and [plaintiff] 'cannot challenge the state court's final decision in the . . . proceeding without running afoul of the *Rooker-Feldman* doctrine." *See Hirsch*, 2022 WL 3136891, at *5 (quoting *Fremont Inv. & Loan Co. v. Bedasee*, No. 2:16-CV-740-FTM-99CM, 2016 WL 5816050, at *3 (M.D. Fla. Oct. 5, 2016)).

Here, Plaintiff's amended complaint appears to challenge a resolved state court proceeding, where a final judgment of civil contempt was entered against her in state court. Plaintiff states that "[t]his case arises from a [c]ontempt hearing before a family court judge . . . that led to a final judgment of civil contempt of a Marital Settlement and Parenting Plan entered against the Plaintiff." (Doc. 6 at ¶ 1). Plaintiff's amended complaint is devoid of any allegations that she appealed the state court judgment and therefore this Court "cannot review or reject" it. *Behr*, 8 F.4th at 1212. Accordingly, because Plaintiff's claims challenging the state court judgment are barred under the *Rooker-Feldman* doctrine, the Court must dismiss Plaintiff's amended complaint for lack of subject-matter jurisdiction.

## III.   RECOMMENDATION

Accordingly, for the foregoing reasons, Plaintiff's amended motion to proceed in forma pauperis (Doc. 5) should be denied and her amended complaint (Doc. 6) be dismissed.

Recommended in Ocala, Florida on September 25, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy